UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

OBED AGUILAR,
Petitioner,
v.
JEREMY CASEY,
Respondent.

Case No.: 26-cv-6094-RSH-BJW

**ORDER DENYING PETITION FOR HABEAS CORPUS**

On October 26, 2026, petitioner Obed Aguilar, proceeding pro se, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. For the reasons set forth below, the Court denies the petition.

## I. BACKGROUND

Petitioner is a citizen and national of Mexico who entered the United States without inspection. ECF No. 4-1 at 2–3. According to Plaintiff, he has lived in the United States for 27 years. ECF No. 1 at 5.

On March 16, 2026, the Hillsborough County Sheriff's Office arrested Petitioner for failure to appear. ECF No. 4-1 at 4. Petitioner was subsequently transferred to the custody of U.S. Immigration and Customs Enforcement ("ICE") on April 24, 2026. *Id.* Petitioner

is currently detained at the Imperial Regional Detention Facility in Calexico, California. ECF No. 1 at 1.

Petitioner represents that he previously sought habeas relief in the United States District Court for the Middle District of Florida, Case No. 26cv1456, and obtained an order requiring a bond hearing in his case. *Id.* at 2. On August 7, 2026, an immigration judge ("IJ") denied Petitioner's request for bond, concluding that Petitioner posed a danger to the community in light of his repeated failures to stop at red lights and stop signs. ECF No. 4-1 at 7. The IJ's order reflects that Petitioner reserved the right to appeal the bond determination. *Id.* at 8. According to Petitioner, an IJ ordered him removed on September 18, 2026, and he has appealed that order to the Board of Immigration Appeals ("BIA"). ECF No. 1 at 7.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

In the instant Petition, Petitioner challenges his continued detention as unduly prolonged in violation of the Fifth Amendment and contends that he poses neither a flight risk nor a danger to the community. ECF No. 1 at 4–7. Respondents argue that Petitioner has already received a bond hearing, that the Petition is moot, and that Petitioner's challenge is unexhausted. ECF No. 4 at 2–3.

Here, Petitioner acknowledges that he previously obtained an order directing a bond hearing and that the IJ thereafter denied bond. ECF No. 1 at 2. Petitioner nevertheless maintains that his continued detention is unconstitutional because it has exceeded a purported six-month "bright-line" limit. *Id.* at 4. He also contends that release is warranted because he has no criminal history, has strong family and community ties and a sponsor,

and is willing to submit to electronic monitoring. *Id.* at 5.

*Zadvydas v. Davis*, 533 U.S. 678 (2001) does not establish an entitlement to release here. In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. The Court held that after a six-month "presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

In contrast, here, Petitioner acknowledges that an IJ ordered him removed on September 18, 2026, and that he appealed that order to the BIA. ECF No. 1 at 7. A timely, pending BIA appeal ordinarily prevents an IJ's removal order from becoming administratively final. *See* 8 C.F.R. § 1241.1(a), (c). "Because removal proceedings remain ongoing pending Petitioner's appeal, the analysis under *Zadvydas v. Davis* does not apply." *Litvinov v. Warden Otay Mesa Det. Ctr.*, No. 25-CV-3393 JLS (AHG), 2026 WL 292092, at *1 (S.D. Cal. Feb. 4, 2026); *see Rehman v. Moreno*, No. 20-CV-1741-WQH-BLM, 2020 WL 6449201, at *5 (S.D. Cal. Nov. 3, 2020) ("[T]he holding in *Zadvydas* that post-removal detention of more than six months is presumptively unreasonable does not apply where, as in this case, the petitioner's removal proceedings are pending.").

Petitioner's argument that the duration of his detention alone violates due process also fails. The Ninth Circuit has held that "duration alone cannot sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212 (9th Cir. 2022) (internal quotation marks omitted).

Finally, Petitioner's arguments concerning his asserted lack of criminal history, family and sponsor support, and willingness to submit to electronic monitoring challenge

the IJ's adverse bond determination. ECF No. 1 at 5. That challenge is unexhausted.

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). A court may excuse prudential exhaustion, however, "if administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (internal quotation marks omitted).

The Ninth Circuit has applied these principles in analogous circumstances, where a noncitizen seeks habeas review of an immigration judge's adverse bond determination. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). In this case, Petitioner specifically acknowledges that he did not present this argument in an appeal to the BIA

and that he is presenting his grounds for relief to this Court for the first time. ECF No. 1 at 7. Consistent with *Leonardo*, the Court declines to consider this challenge before the BIA has had an opportunity to address it.

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: November 9, 2026

Hon. Robert S. Huie
United States District Judge